## Dutton, et al. v. Ward, et al.

(Decided February 19, 1926.)

### Appeal from Johnson Circuit Court.

Judgment—Evidence Held to Require New Trial of Action in which Default Judgment was Entered.—In action, under Civil Code of Practice, section 518, to obtain new Trial, evidence that plaintiff was prevented by illness from defending, and indicating meritorious defense, held to warrant new trial.

W. H. VAUGHAN & SON for appellants.

W. J. WARD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellants, Melvin Dutton and wife, began this action against W. J. Ward, Herbert Ward and the sheriff of Johnson county under section 518 of the Code, to obtain a new trial of an action wherein W. J. Ward had obtained a judgment against them, which judgment had been assigned to Herbert Ward. An execution issued upon it, was then in the hands of the sheriff. They were unsuccessful, and are asking us now to grant them an appeal, to reverse the judgment and award them a new trial.

The history of this litigation is: In 1917, Mr. and Mrs. Dutton and eight other parties owned property in or near the town of Betsy Layne, in Floyd county. The Pike & Floyd Counties Coal Company appears to have been the owners of the most of the property in this town, and for some reason which does not concern us, this coal company was threatening to erect a high board fence in front of the property owned by the Duttons and their neighbors, so as to shut them off from access to the town. The Duttons and their neighbors had a meeting to consider taking some action to prevent this, and W. J. Ward, an attorney, attended the meeting. According to the Duttons and their witnesses, they told Ward that they would let him know upon the following Monday whether or not his services would be needed by them. According to Ward, they employed him to bring a suit to enjoin the coal company from erecting the fence. Ward brought a suit for them, and a copy of the petition is in the record. It is not an elaborate affair, and only consists of thirty-six lines, five inches long. Nothing was done with this suit after it was filed, and the coal company recovered costs against the Duttons and their associates. Some time after that, Ward filed a suit against the Duttons for a fee of $200.00, claimed for services in that litigation. This process was served on the Duttons at a time when Mr. Dutton was sick and they were on their way to the hospital. For about the next eight or nine months after that, Mr. Dutton was confined to his bed, either in his home or at different hospitals, having been at one hospital at Paintsville, one at Ironton, and another at Ashland, before he finally recovered his health. When he did get well, he learned that a default judgment had been recovered against him by W. J. Ward, and he thereupon began this suit for a new trial. The evidence offered for him shows that during all this eight or nine months, he was unable, on account of his illness, to attend to his business, and that his wife was with him, nursing him and endeavoring to assist him to regain his health. Mr. Dutton's health was so bad that Mrs. Dutton closed up her restaurant and Mr. Dutton closed his place of business. There is evidence in this record that indicates that the Duttons will be able, on a new trial, among other defenses, to show that Mr. Ward undertook to attend to this litigation for the Duttons and their associates for a fee of $10.00 each. The evidence shows that they were prevented by Mr. Dutton's illness from making defense

to the action at the time it was begun. The court should have granted them a new trial.

See French v. Eversole, 17 R. 617, 32 S. W. 211.

Motion by the Duttons for an appeal is therefore granted, the judgment is reversed, and the cause remanded with directions to award to the Duttons a new trial of the action in which Ward recovered the judgment against them.